THANK YOU FOR YOUR LETTER OF APRIL 17, 1990, REQUESTING AN OPINION ON THE DEFINITION OF AN OFFICER OF A POLITICAL PARTY AND INQUIRING FURTHER WHETHER PURSUANT TO 74 O.S. 4242 A CLASSIFIED STATE EMPLOYEE CAN BE A PRESIDENTIAL ELECTOR, DELEGATE TO A POLITICAL CONVENTION OR AN OFFICER IN A GROUP SUCH AS THE YOUNG DEMOCRATS. AN OFFICIAL OPINION IS NOT NECESSARY IN RESPONDING TO YOUR REQUEST DUE TO THE EXISTENCE OF CERTAIN FACTUAL QUESTIONS AND FURTHER THAT A CLEAR READING OF THE STATUTE YIELDS AN ANSWER TO PART OF YOUR INQUIRY.
WHETHER OR NOT ANY POSITION WITHIN A POLITICAL PARTY IS AN "OFFICER" IS, OF COURSE, A FACTUAL DETERMINATION WHICH IS NORMALLY BEYOND THE SCOPE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL, 74 O.S. 18B. POLITICAL PARTIES ARE GENERALLY GOVERNED BY AN INSTRUMENT PROMULGATED ON BOTH THE NATIONAL AND STATE LEVEL WHICH ENUMERATE THE POWERS AND DUTIES OF THE RESPECTIVE PARTY AND OFFICERS THEREOF.
IN COOPER V. CARTWRIGHT, 195 P.2D 290 (OKLA. 1948) THE OKLAHOMA SUPREME COURT DEFINED POLITICAL PARTIES AS FOLLOWS:
 ". . . VOLUNTARY ASSOCIATIONS OF ELECTORS HAVING AN ORGANIZATION AND COMMITTEE AND HAVING DISTINCTIVE OPINIONS ON SOME OR ALL OF THE LEADING POLITICAL QUESTIONS OF CONTROVERSY, AND ATTEMPTING THROUGH THEIR ORGANIZATION TO ELECT OFFICERS OF THEIR OWN PARTY FAITH AND MAKE THEIR PRINCIPLES THE POLICY OF THE GOVERNMENT AND ARE GOVERNED BY THEIR OWN USAGES AND ESTABLISH THEIR OWN RULES."
IN TODD V. OKLAHOMA STATE DEMOCRATIC CENTRAL COMMITTEE, 361 F. SUPP. 491 (1973) THE COURT DISTINGUISHED BETWEEN ELECTORS AND OFFICERS OF THE DEMOCRATIC PARTY FROM THE PRECINCT LEVEL TO THE STATE LEVEL AS STRUCTURED BY THE PARTY CONSTITUTION AND RULES. CLEARLY A DISTINCTION EXISTS BETWEEN RANK AND FILE PARTY MEMBERS AND PARTY "OFFICIALS".
AT A MINIMUM, A STATE CLASSIFIED EMPLOYEE IS BARRED BY 74 O.S. 4242 FROM SERVING AS AN OFFICER DESIGNATED AS SUCH BY A PARTY CONSTITUTION OR BY ITS RULES. THE GOVERNING INSTRUMENTS OF PARTIES ARE NOT HOWEVER ENTIRELY THE FINAL ARBITER OF THE EXISTENCE OF PARTY OFFICER STATUS. A GOVERNING INSTRUMENT OR RULE MAY BE SILENT ON OFFICIALS WHERE SUCH A POSITION, IN FACT, EXISTS. SUCH DETERMINATIONS ARE OF COURSE FACTUAL IN NATURE AND NOT SUBJECT TO PURE LEGAL ANALYSIS.
UNDER THE FORMER OKLAHOMA PERSONNEL ACT, 74 O.S. 840.1 ET SEQ., CLASSIFIED EMPLOYEES WHERE PROHIBITED FROM ANY "ACTIVE PART IN POLITICAL ORGANIZATION MANAGEMENT". ORGANIZATION WAS, IN TURN, DEFINED IN PART IN THE CAMPAIGN CONTRIBUTIONS AND EXPENDITURES ACT, 26 O.S. 15-102(5,) AS FOLLOWS:
 "ORGANIZATION" INCLUDES A CORPORATION, GOVERNMENT OR GOVERNMENTAL SUBDIVISION OR AGENCY, BUSINESS TRUST, ESTATE, TRUST PARTNERSHIP OR ASSOCIATION, UNION, POLITICAL EDUCATION OR ACTION GROUPS, AND POLITICAL ENTITIES WITH TWO OR MORE PERSONS HAVING JOINT OR COMMON INTEREST."
FORMER ATTORNEY GENERAL MICHAEL TURPEN OPINED IN ADVISORY OPINION E M NO. 84-003 THAT THE INTERPLAY OF THESE TWO STATUTES PROHIBITED CLASSIFIED EMPLOYEES FROM HOLDING OFFICE IN SUCH ORGANIZATIONS AS A COUNTY WOMAN REPUBLICAN CLUB.
HOWEVER, WITH THE ADVENT OF 74 O.S. 4242, CLASSIFIED EMPLOYEES WHERE PROHIBITED FROM SERVING AS OFFICER IN POLITICAL PARTIES AND ANY REFERENCE TO ORGANIZATIONS WAS OMITTED. IT IS REASONABLE TO ASSUME THAT THE LEGISLATURE INTENDED TO DROP THE ORGANIZATIONAL PROHIBITION.
IT IS IMPORTANT TO NOTE THAT WHETHER AN ORGANIZATION IS A POLITICAL PARTY OR IF AN OFFICER THEREOF IS, IN FACT, AN OFFICER OF ANOTHER ENTITY WHICH IS INDEED-A POLITICAL PARTY IS A FACTUAL QUESTION. IN ADDITION, CERTAIN OFFICERS MAY EVOLVE INTO PROHIBITED ACTIVITIES SHOULD THE NATURE OF THE ORGANIZATION CHANGE OR BY A CHANGING RELATIONSHIP TO A POLITICAL PARTY.
YOU SPECIFICALLY INQUIRE INTO THE STATUS OF ELECTORS AND DELEGATES TO PARTY CONVENTIONS. 74 O.S. 4242(6) ALLOWS A CLASSIFIED EMPLOYEE TO "ATTEND A POLITICAL CONVENTION, RALLY, FUND RAISING FUNCTION OR OTHER POLITICAL GATHERING." I AM OF THE OPINION THAT A CLASSIFIED EMPLOYEE MAY SERVE AS A DELEGATE DUE TO THE FACT THAT SUBSECTION B STRICTLY PROHIBITS OSBI AND OBNDD EMPLOYEES FROM SERVING AS DELEGATES WHILE NO SIMILAR PROHIBITION IS LISTED IN SUBSECTION A RELATING TO ALL OTHER CLASSIFIED EMPLOYEES.
ALTHOUGH DELEGATES TO POLITICAL CONVENTIONS HAVE BEEN HELD TO BE NONFFICERS" OF A POLITICAL PARTY IN SOME STATES, SEE E.G. ALEXANDER V. BOOTH, 56 SO.2D 716 (FLA. 1952), THE OKLAHOMA STATUTES CREATE A SEPARATE PROHIBITION IN 74 O.S. 4242(B)(7) WHICH CLEARLY INDICATES AN INTENT TO DISTINGUISH DELEGATES FROM OFFICERS AS PROHIBITED IN 74 O.S. 4242(A)(4). 74 O.S. 4242 CONTAINS NO PROHIBITION AGAINST A CLASSIFIED EMPLOYEE SERVING AS A PRESIDENTIAL ELECTOR. ALTHOUGH ELECTORS ARE GENERALLY CONSIDERED STATE OFFICERS; LILLARD V. CORDELL, 200 OKL. 577, 198 P.2D 417 (1948), THE ATTORNEY GENERAL HAS OPINED (A.G. OPIN. NO. 88-068) THAT ONLY THE OFFICE HOLDERS LISTED IN 26 O.S. 10-104, ARE EXCLUDED FROM SERVICE AS A PRESIDENTIAL ELECTOR.
THEREFORE, WHETHER OR NOT ANY PARTICULAR PERSON IS HOLDING AN OFFICE IN A POLITICAL PARTY VIOLATIVE OF SECTION 4242 IS A FACTUAL QUESTION AND THUS IS BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION. A CLASSIFIED EMPLOYEE, WITH THE EXCEPTIONS NOTED IN SECTION 74 O.S. 4242(B), MAY SERVE AS A DELEGATE TO A POLITICAL CONVENTION OR SERVE AS A PRESIDENTIAL ELECTOR UNDER THE PROVISIONS OF 74 O.S. 4242.
(DOUGLAS B. ALLEN)
(STATE EMPLOYEE/POLITICAL CAMPAIGN/POLITICAL OFFICE/26 O.S. 10-104/STATE OFFICE/OFFICE HOLDING)